UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANDRE A. JOHNSON** | **CIVIL ACTION NO. 3:14-cv-1033** |
|     LA. DOC #375946 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Andre A. Johnson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 19, 2014. Petitioner attacks his 1997 second degree murder conviction and the life sentence imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

Petitioner was convicted of second degree murder on February 5, 1997; on March 21, 1997, he was sentenced to serve life without parole. [Doc. 1, ¶ 1-6] On January 21, 1998, his conviction and sentence were affirmed in an unpublished opinion of the Second Circuit Court of Appeals. *State of Louisiana v. Andre Alexander Johnson*, 97-30290 (La. App. 2 Cir. 1/21/1998), 709 So.2d 1102 (Table). His writ application was denied by the Louisiana Supreme Court on June 26, 1998. *State of Louisiana v. Andre Alexander Johnson*, 98-0481 (La. 6/26/1998), 719

So.2d 1056.[1]

On June 14, 2001, he filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court. [Doc. 1-4, Exhibit A-2, pp. 57-58 (proof of mailing); Exhibit D-2, pp. 64-67 (Court Minutes)] In a letter to the Ouachita Parish Clerk of Court dated May 14, 2002, and received and filed on May 20, 2002, plaintiff inquired about the status of his application. On May 22, 2002, the Clerk responded that the judge did not have the original application and petitioner was instructed to file another application. [Doc. 1-4, Exhibit B-2, p. 59] Petitioner apparently re-filed his application as instructed and on July 1, 2002, the District Court, having determined that the application was filed on June 6, 2002, denied it as untimely pursuant to La. C.Cr.P. art. 930.8. [Doc. 1-4, Exhibit E-2, pp. 68-69][2] Petitioner sought review of the denial of his application for post-conviction relief and on September 19, 2002, the Second Circuit denied writs in the matter assigned Docket Number 36704-KH; thereafter, petitioner sought further review in the Louisiana Supreme Court and on October 10, 2003, the Louisiana Supreme Court denied his application as untimely citing art. 930.8. *State of Louisiana ex rel. Andre Alexander Johnson v. State of Louisiana, 2002-2822* (La. 10/10/2003), 855 So.2d 341. [See also Doc. 1-2, p. 2] Petitioner sought writs in the United States Supreme Court and writs were denied on January 26, 2004.

---

[1] On direct review he apparently argued that the evidence to negate his claim of self defense was insufficient and that the sentence imposed was excessive. [Doc. 1, ¶9(f)]

[2] La. C.Cr.P. art. 930.8(A)(3) provides – "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922, unless any of the following apply: (3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final." Petitioner's judgment of conviction and sentence became final pursuant to La. C.Cr.P. art. 922 (D) on June 26, 1998, when the Louisiana Supreme Court denied writs on direct review.

*Andre Alexander Johnson v. Louisiana*, 540 U.S. 1163, 124 S.Ct. 1175, 157 L.Ed.2d 1209 (2004). [See also Doc. 1-2, pp. 2-3]

On August 31, 2010, petitioner sought writs in the Second Circuit Court of Appeals claiming that the trial court had not acted on his June 14, 2001, application for post-conviction relief. On October 14, 2010, the Court of Appeals denied writs noting, "The applicant complains that the trial court has not acted on his Application for Post-Conviction relief filed on June 14, 2001. This application was misplaced by the district court and the applicant was told to file a replacement. The replacement application was denied by the district court as untimely. Applicant then filed post-conviction relief applications in this Court and the Louisiana Supreme Court that were denied in September 2002 and October 2003, respectively. Therefore, the decision on his application for post-conviction relief is final, and the instant application is hereby denied." *State of Louisiana v. Andre Alexander Johnson*, No. 46068-KH (La. App. 2 Cir. 10/14/2010). [Doc. 1-4, Exhibit C-2, pp. 62-63]

On some unspecified date in 2013[3] petitioner filed a second application for post-conviction relief in the District Court raising a single claim for relief – "Johnson contends that trial counsel's ineffective advice led him to reject a manslaughter offer with a ten (10) year sentence in violation of the United States Supreme Court case of *Lafler v. Cooper*, 566 U.S. —, — S.Ct. — (3/21/12)." [Doc. 1-3, Exhibit 1, pp. 1-14] Sometime thereafter petitioner filed a Supplemental Application for Post-Conviction relief in which he alleged, "Petitioner has now discovered that his attorney, Paul Kidd, personally told District Attorney Jerry Jones that there

---

[3] Petitioner has not provided a dated copy of his application nor has he alleged the date it was filed.

3

was no way he would accept any plea bargain in Andre Johnson's case... This conversation occurred in the district attorney's office..." [Doc. 1-3, Exhibit 2, pp. 15-17] Following the State's response, petitioner filed a "Traverse." [Doc. 1-3, Exhibit 3, pp. 18-24] On May 29, 2013, the District Court denied relief noting:

> Defendant's second Application alleges the ineffective assistance of his trial counsel in advising Defendant to reject the State's offer of a plea agreement and proceed to trial. This Application is clearly untimely under the provisions of Article 930.8 of the Louisiana Code of Criminal Procedure. Nevertheless, Defendant asserts he may file this Application pursuant to the exception to the two-year time limitation found in La. C.Cr.P. art. 930.8(A)(2) because it is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law that is retroactively applicable to his case, namely, *Lafler*. The State argues, to the contrary, that *Lafler* did not announce a new rule of constitutional law because it merely applied the Sixth Amendment right to counsel to a specific factual context. See for example, *In re King*, 697 F.3d 1189 (5th Cir. 2012) and *In re Perez*, 682 F.3d 930 (11th Cir. 2012).
>
> This Court agrees. In *Lafler* the Supreme Court affirmed that the well-settled two-prong test from *Strickland v. Washington* applies to ineffective assistance of counsel claims when the alleged deficient performance causes a defendant to reject a plea offer. *Lafler* simply held that the lower courts had failed to apply and/or failed to properly apply *Strickland* to that defendant's claim. Thus, because *Lafler* did not pronounce a theretofore unknown interpretation of constitutional law, Defendant's Application does not fall within the Art. 930.8(A)(2) exception and hence is untimely.

[Doc. 1-3, Exhibit 4, pp. 25-28]

Thereafter petitioner sought review in the Second Circuit Court of Appeals claiming error on the part of the District Judge who erroneously addressed the issue of *Lafler's* retroactivity and who failed to address the issue of newly discovered evidence, namely a conversation between petitioner and District Attorney Jerry Jones in April 2013 in which Jones advised Johnson that his attorney "only wanted to beat him [Jones] in trial..." and he "did not submit or care about any

plea offer." [Doc. 1-4, Exhibit 5, pp. 1-16][4] On August 15, 2013, the Second Circuit Court of Appeals denied writs noting, "Johnson fails to meet his burden to prove that his post-conviction application was timely or that any of the exceptions to the time limit are applicable... Accordingly, the writ is denied." *State of Louisiana v. Andre Alexander Johnson*, No. 48,647-KH (La. App. 2 Cir. 8/15/2013) [Doc. 1-4, Exhibit 6, pp. 17-18] Petitioner's writ application in the Louisiana Supreme Court [Doc. 1-4, Exhibit 7, pp. 19-35] was denied pursuant to art. 930.8 on April 25, 2014. *State of Louisiana ex rel. Andre Alexander Johnson v. State of Louisiana*, 2013-2232 (La. 4/25/2014), — So.3d —, 2014 WL 1814059.

Petitioner filed this petition on May 19, 2014. [Doc. 1, pp. 9-10] He argues a single claim for relief, "Johnson was denied effective assistance of counsel when his lawyer misadvised him about accepting the plea bargain offered by the State." [Doc. 1-2]

### *Law and Analysis*

### *1. Limitations – Section 2244(d)(1)(A)*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[4] See Doc. 1-2, pp. 5-6, fn 1, "... Jones told Johnson that Johnson's lawyer had stood in the door to Jones' office and told Jones that he would never agree to a plea deal in that case and was going to beat him in court. DA Jones [told] Johnson that his attorney, Paul Kidd, had a grudge against him, not one of his assistants as Johnson had thought."

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's judgment of conviction and sentence were affirmed on January 21, 1998, in an unpublished opinion of the Second Circuit Court of Appeals. *State of Louisiana v. Andre Alexander Johnson*, 97-30290 (La. App. 2 Cir. 1/21/1998), 709 So.2d 1102 (Table). His writ application was denied by the Louisiana Supreme Court on June 26, 1998. *State of Louisiana v. Andre Alexander Johnson*, 98-0481 (La. 6/26/1998), 719 So.2d 1056. Petitioner apparently did not seek further direct review in the United States Supreme Court.

---

[5] Petitioner's assertion that limitations should be reckoned in accordance with the provisions of Section 2244(d)(1)(C), "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." is addressed in Part 2; his assertion that limitations should be reckoned in accordance with the provisions of Section 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..." is addressed in Part 3.

Assuming that his writ application to the Louisiana Supreme Court was properly filed and timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about September 26, 1998, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on September 26, 1998, petitioner had one year, or until September 26, 1999, to file his federal *habeas corpus* suit. Petitioner filed his first application for post-conviction relief on June 14, 2001. [Doc. 1-4, Exhibit A-2, pp. 57-58 (proof of mailing); Exhibit D-2, pp. 64-67 (Court Minutes)][6] However, he cannot rely on the tolling provisions of Section 2244(d)(2) because by the time he filed this application, the one year period of limitations had already expired and could not be revived by the otherwise timely application.

### 3. Limitations – Section 2244(d)(1)(C)

Petitioner appears to concede that his petition is time-barred if limitations is reckoned from the date of finality of judgment. He contends however that he is entitled to have limitations reckoned as provided in 28 U.S.C. §2244(d)(1)(C), "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." . In

---

[6] To the extent that petitioner might suggest that the loss of his first application for post-conviction relief by the District Judge operated as an impediment to filing (see Section 2244(d)(1)(B)), such a claim is without merit since the lost application was filed after the expiration of the AEDPA limitations period.

support of this claim petitioner argues that *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively applicable to cases on collateral review.

In *Lafler*, 182 L.Ed.2d 398 (2012) the Court held, "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S.Ct. at 1387. *Lafler*, along with *Missouri v Frye*, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), which was decided on the same day, extended a criminal defendant's Sixth Amendment right to counsel to the plea negotiation stage and set the standards for how to analyze such claims in accordance with the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

However, the Fifth Circuit has already determined, albeit in a different context, that *Lafler* did not announce a new rule of constitutional law because it merely applied the Sixth Amendment's right to counsel to a specific context. *See In re: King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*). Other courts have agreed with that assessment. *See United States v. Lawton*, 506 Fed. Appx. 722 (10th Cir. 2012), citing *King*, *supra*, as well as *Hare v. United States*, 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re: Arras*, No. 12–2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive § 2255 motion because *Lafler* did not establish a new rule of constitutional law); *In re: Perez*, 682 F.3d 930, 932–34 (11th Cir.2012); see also *United States v. King*, — F.Supp.2d —, 2013 WL 6405423 (D.D.C. 2013) ("Because the holding in *Lafler* was

dictated by Supreme Court precedent, it is not a new right..."); *United States v. Sheridan*, — Fed. Appx. —, 2014 WL 1363971 (10th Cir. 2014) ("Sheridan claims that ... *Missouri v. Frye*, —–U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, —–U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) – established a new constitutional right to effective assistance of counsel during plea bargaining. To be sure, that right is an important one, but it existed well before the Supreme Court reiterated its constitutional gravity in *Frye* and *Lafler* ... Because neither *Frye* nor *Lafler* establishes a newly recognized right in the first instance, we need not address whether the rules from those cases have been made retroactively applicable.); *Pagan-San Miguel v. United States*, 736 F.3d 44 (1st Cir. 2013) ("We agree with every other circuit to have considered the issue that neither *Frye* nor *Cooper* established a 'new rule of constitutional law.')

Further, even if *Lafler* or *Frye* were said to have announced a new right, petitioner has not, nor can he, point to any Fifth Circuit cases that hold that their holdings may be applied retroactively. In short, petitioner may not rely upon the provisions of Section 2244(d)(1)(C) to reckon the AEDPA limitations period in his case.[7]

---

[7] Finally, even if *Lafler* announced a new right and may be applied retroactively, the petition may still be time-barred. Both *Lafler* and *Frye* were decided on March 21, 2012. If petitioner were allowed to reckon limitations in accordance with Section 2244(d)(1)(C), the one year period of limitations would commence on that date. Petitioner has not alleged nor provided evidence to establish when he filed his second application for post-conviction relief. Even if petitioner were allowed to toll the limitations period during the period that his post-conviction application was being considered by the District Court, the Court of Appeals, and the Supreme Court, once the Supreme Court denied writs on April 25, 2014 [see *State of Louisiana ex rel. Andre Alexander Johnson v. State of Louisiana*, 2013-2232 (La. 4/25/2014), — So.3d —, 2014 WL 1814059] a period of approximately 23 days elapsed untolled before petitioner signed and filed his federal *habeas* petition on May 19, 2014. **IN THE EVENT THAT PETITIONER OBJECTS TO HIS REPORT AND RECOMMENDATION, HE SHOULD ESTABLISH THAT HIS PETITION IS TIMELY EVEN IF HE IS AFFORDED STATUTORY**

9

*4. Limitations – Section 2244(d)(1)(D)*

Petitioner also claims that limitations should be reckoned from April 2013, the date upon which "Petitioner ... discovered that his attorney, Paul Kidd, personally told District Attorney Jerry Jones that there was no way he would accept any plea bargain in Andre Johnson's case... This conversation occurred in the district attorney's office..." [Doc. 1-3, Exhibit 2, pp. 15-17] Section 2244(d)(1)(D) provides for reckoning limitations from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, petitioner argues a single claim for relief, "Johnson was denied effective assistance of counsel when his lawyer misadvised him about accepting the plea bargain offered by the State." [Doc. 1-2] The factual basis for petitioner's claim is that trial counsel "misadvised him about accepting the plea bargain." Petitioner was, of course aware of this fact prior to the start of his trial as noted in his affidavit. [Doc. 1-4, Exhibit B, pp. 39-40] In short, petitioner cannot rely upon his alleged conversation with District Attorney Jones to establish the date he discovered the factual basis of his ineffective assistance of counsel claim.

*5. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

---

**TOLLING PURSUANT TO SECTION 2244(d)(1)(C).**

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

*Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified Tat 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, June 23, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**